**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL WHEATON** | ) | **CASE NO.1:09CV1165** |
| | ) | **4:05CR412** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255(ECF #132). Petitioner contends he was given ineffective assistance of counsel, and that venue was not proper in the Northern District of Ohio. For the following reasons, the Court denies Petitioner's Motion.

**FACTS**

On August 24, 2005, a federal grand jury in Cleveland, Ohio, returned an indictment against Petitioner and two co-defendants. Petitioner was charged with one

count of Conspiracy to Distribute and to Possess With Intent to Distribute Marijuana and Cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C).  On February 23, 2006, Petitioner's trial commenced before this Court. A guilty verdict was returned by the jury on March 2, 2006, with a special finding that the conspiracy involved five or more kilograms of cocaine.  On March 15, 2006, Petitioner filed a Motion for New Trial, which was denied on April 12, 2006.  On July 11, 2006, Petitioner was sentenced to 235 months imprisonment, to be followed by three years of supervised release. On July 14, 2006, Petitioner filed a timely Notice of Appeal. On or about February 19, 2008, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.  On May 21, 2009, Petitioner's Motion for Relief Under 28 U.S.C. § 2255 was filed, and an amended Motion was filed August 5, 2009.

## STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

Petitioner contends his trial counsel and appellate counsel were ineffective for:

2

(1) failing to disclose to Petitioner prior to sentencing the pre-sentence investigation report and objections thereto; (2) failing to summons witnesses to Petitioner's sentencing hearing; (3) failing to argue that the two level enhancement under U.S.S.G. § 2D1.1(b) for Possession of a Firearm was improper based upon the scope of the conspiracy for which Petitioner was convicted and a violation of the Fourth Amendment; (4) failing to file a petition for writ of certiorari to the U.S. Supreme Court; and (5) the Court was without jurisdiction to sentence Petitioner because venue was not proper in the Northern District of Ohio.

The law regarding claims of ineffective assistance of counsel is well settled. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court enunciated a standard consisting of two prongs. First, a defendant must show that counsel's performance fell below an objective standard of reasonableness; and second, that ". . . counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, (quoted in *Lockart v. Fretwell*, 113 S. Ct. 838, 842 (1993); accord *United States v. Cox*, 826 F.2d 1518, 1525 (6th Cir. 1987).

As to the first prong, *Strickland* teaches that scrutiny of counsel's performance must be "highly deferential." A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Accordingly, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Strickland* at 689; *Catches v. United States*, 582 F.2d 453 (8th Cir. 1978) (presumption that counsel has rendered effective assistance). The petitioner, therefore, bears the

3

heavy burden of proving that his counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not a considered strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

Even if a defendant is able to overcome the presumption of adequate assistance, relief need not necessarily follow under *Strickland*. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691, 104 S. Ct. at 2067. In order to obtain relief, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.13 "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*

In ground one, Petitioner alleges that trial counsel did not disclose the Presentence Report (PSR) and objections to Petitioner prior to sentencing, and had he done so, Petitioner could have prepared a more thorough and complete challenge. However, the sentencing transcript and counsel's sworn affidavit represents to the Court that he reviewed the preliminary PSR with Petitioner and discussed objections to the report.  At the sentencing hearing, counsel objected to the firearm possession and the criminal history computation.  The Court agrees with the Government that counsel's effort displays a thorough knowledge and understanding of the guidelines as they applied to the facts of this case, and clearly falls within the range of competence demanded of defense attorneys by the Constitution.

Petitioner also contends counsel should have challenged the Base Offense Level. The Government points out, and this Court agrees, that Petitioner cannot show

4

the Court erred in attributing 15 - 50 kilograms of cocaine to him.  The trial testimony supports a finding by a preponderance of the evidence that his criminal conduct involved more than 15 kilograms of cocaine (but not in excess of 50 kilograms of cocaine).

Petitioner contends counsel could have more effectively challenged his Criminal History Category.  The Court of Appeals found that this Court committed no error in assessing the two criminal history points for the ninety day sentence he served for a probation violation on an underlying conviction for Fraudulent Use of a Telephone. Therefore, the Court finds counsel's effort displays a thorough knowledge and understanding of the guidelines as they applied to the facts of Petitioner's case, and clearly falls within the range of competence demanded of defense attorneys by the Constitution.  Ground one is denied.

In ground two of Petitioner's Petition, he contends trial counsel should have called witnesses at his sentencing.  The Government points out, and this court agrees, that whether to call a witness is "a tactical decision and, thus, a matter of discretion for trial counsel." *United States v. Snyder*, 787 F.2d 1429, 1432 (10th Cir. 1986); *United States v. Watkins*, 2001 WL 1165467, at *4 ("The decision whether to call particular witnesses is the type of strategic choice that falls within the range of reasonableness set forth in *Strickland*.")(citing *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1986)). Trial counsel's decision was that testimony from these individuals would not be helpful to his attempts at securing a lesser sentence for Petitioner, since the co-defendants plead guilty to the drug conspiracy with Petitioner.  Also, as the Government points out, counsel's decision not to call a witness on the firearm possession was of no

5

consequence because any attempt to "remove" the firearm from Petitioner's possession would not be credible, especially when viewed against the inter-locking testimony of government witnesses, supported by travel records, telephone records, and the seizure of eight kilograms of cocaine.

The Court finds there was credible evidence to support the findings that Petitioner's participation in the conspiracy began prior to December 2, 2000; that it involved more than 15 kilograms of cocaine; and that he possessed a firearm as contemplated by the guidelines. In the sentencing context, a defendant must show a reasonable probability that, but for counsel's errors, his sentence would have been different. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Petitioner has failed to prove counsel was constitutionally deficient, and the outcome of his sentencing would have been different had counsel called witnesses at sentencing. Therefore, ground two is denied.

In ground three, Petitioner contends appellate counsel failed to argue that the two level enhancement under U.S.S.G. § 2D1.1(b) for Possession of a Firearm was improper based upon the scope of the conspiracy for which Petitioner was convicted, and a violation of the Fourth Amendment. As the Government correctly points out, his appellate counsel did challenge the applicability of U.S.S.G. § 2D1.1(b) on appeal as one of the twelve asserted assignments of error. Counsel expressly asserted error by this Court for increasing Petitioner's offense level for Possession of a Firearm. The Court of Appeals fully considered the factual and legal basis for the enhancement and concluded there was no error. Furthermore, as the Government correctly contends, a federal prisoner may not use a § 2255 proceeding to re-litigate issues already decided

on direct appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996)(reasoning that "because this issue was fully and fairly presented on direct appeal, petitioner could not now use a § 2255 petition to relitigate it, absent an intervening change in law").

Therefore, the Court finds that although Petitioner now states his claim in terms of deficient performance of counsel, it cannot be said that counsel's representation was outside the bounds of competence required by the constitution.  Petitioner has failed to prove that there is a reasonable probability that, but for the alleged unprofessional errors, the results of the appeal would have been different.  Ground three is denied.

In ground four, Petitioner contends that appellate counsel was ineffective when she failed to file a petition for writ of certiorari to the U.S. Supreme Court after the Sixth Circuit Court of Appeals affirmed his conviction and sentence on or about February 19, 2008.   Petitioner alleges he requested she do so on or about July 7, 2008.   Since Rule 13(1) of the Rules of the Supreme Court states, a petition for writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment," Petitioner's request was not timely.  The time to file the petition "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . .." Rule 13(3), Rules of the Supreme Court of the United States. The date of the judgment in this case was July 13, 2006.

As the Government correctly asserts, the Supreme Court has made clear that the Constitution does not entitle a criminal defendant to the assistance of counsel for the filing of a petition for certiorari; therefore, a counsel's failure to file that petition cannot amount to constitutionally ineffective assistance. See *Nichols v. United States*,

563 F.3d 240, 249-50 (6th Cir. 2009).   The Government points to the Supreme court Rule that, "[R]eview on a writ of certiorari is not a matter of right, but of judicial discretion.  A petition for a writ of certiorari will be granted only for compelling reasons."  Rule 10, Rules of the Supreme Court of the United States.  Therefore, this Court agrees with the Government that Petitioner has failed to identify what issues meet this standard, or articulate any reasonable basis for concluding he would have prevailed before the U.S. Supreme Court.  Petitioner's fourth claim is denied.

In ground five, Petitioner contends his trial and appellate counsel were constitutionally defective because they did not challenge that the Court was without jurisdiction to sentence him because venue was not proper in the Northern District of Ohio.  Title 18, United States Code, Section 3237(a) provides in pertinent part:

> . . . any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

The Government correctly contends that under this standard, venue may be properly established in more than one - and in fact, many different districts. *United States v. Williams*, 788 F.2d 1213, 1215 (6th Cir. 2001).  The Sixth Circuit examines the propriety of venue under a substantial contacts test taking "into account a number of factors - the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact finding . . .." *United States v. Williams*, 788 F.2d 1213, 1215 (6th Cir. 1986)(citing *United States v. Reed*, 773 F.2d 477, 481 (2d Cir. 1985)).

Petitioner's criminal activity involved an on-going pattern of multi-kilogram cocaine distribution between Los Angeles and Youngstown. Trial testimony also linked Petitioner to actual drug distributions in Youngstown during 2002 and 2003. As the Government correctly asserts, drug conspiracies unquestionably are "continuous crimes" and are completed when "the drugs reach their final destination." *United States v. Turner*, 936 F.2d 221, 226 (6th Cir. 1991).

The Sixth Circuit squarely holds that in conspiracy prosecutions venue is proper in any district where the conspiracy was formed or in any district where an overt act in furtherance of the conspiracy was performed. See *United States v. Scaife*, 749 F.2d 338, 346 (6th Cir. 1984). This Court agrees with the Government that the continuing course of Petitioner's conduct carried into Ohio, with arguably the largest number of overt acts, and greatest adverse effect of the criminal enterprise occurring there. Therefore, the Court finds that the Northern District of Ohio constituted a proper venue for the prosecution of this case. Petitioner's claim is without merit and ground five is dismissed.

For the foregoing reasons, the Court finds Petitioner has failed to demonstrate his counsels's representation was objectively unreasonable and prejudiced Petitioner. The Court also finds the Northern District of Ohio was the proper venue for the prosecution of this case. Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since this Court has determined the claims made by Petitioner in his Motion to

Vacate are meritless, Petitioner has failed to make a substantial showing of the denial of

constitutional right. Therefore, the Court will not issue a certificate of appealability.


    IT IS SO ORDERED.



                                            s/Christopher A. Boyko
Date: 9/16/2009                  CHRISTOPHER A. BOYKO
                                     United States District Judge